**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALBIR SINGH, | No. 13-71396 |
| Petitioner, | Agency No. A096-151-183 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2016
San Francisco, California

Before: SILVERMAN, FISHER and TALLMAN, Circuit Judges.

Balbir Singh, a citizen and native of India, petitions for review of the

agency's determinations that he is ineligible for asylum and withholding from

removal under pre-REAL ID Act law and that he failed to establish his entitlement

to protection under the Convention Against Torture (CAT). We have jurisdiction

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

under 8 U.S.C. § 1252(a), and we grant the petition in part, deny the petition in part and remand.

Where there are developments in case law after the Board of Immigration Appeals (BIA) issues its decision, a remand is appropriate so the agency may consider the relevant precedent in the first instance. *See Pannu v. Holder*, 639 F.3d 1225, 1226 (9th Cir. 2011) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)). Here, after the agency relied on *Dinu v. Ashcroft*, 372 F.3d 1041 (9th Cir. 2004), in determining that Singh failed to demonstrate his treatment by police was the result of imputed political opinion persecution, this court decided *K. Singh v. Holder*, 764 F.3d 1153 (9th Cir. 2014), which clarified that *Dinu* "applies only to cases in which an asylum applicant . . . offers no direct or indirect evidence that he is being subject to harsh treatment on account of a protected ground." *K. Singh*, 764 F.3d at 1162. It also held that "[a]n 'applicant's association with, or relationship to, people who are known to hold a particular political opinion' may serve as indirect evidence of an imputed political opinion." *Id.* at 1159 (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1032 (9th Cir. 2014)).

On review of the record considered as a whole, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), we therefore believe it is appropriate to remand Singh's asylum and withholding claims back to the agency for consideration of whether

2

Singh's statements in his written declaration, his association with Lalli and his treatment by the police constitute direct or indirect evidence of political opinion persecution "from which it is reasonable to believe that [Singh's] harm was motivated, at least in part," by an imputed political opinion. *Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc).

However, we deny Singh's petition for CAT relief. Substantial evidence supports the Board's conclusion, based on the country reports, that the Indian government no longer instigates, acquiesces in or is willfully blind to the torture of Sikhs specifically. *See J. Singh v. Holder*, 753 F.3d 826, 833 (9th Cir. 2014). Although the BIA could have been clearer, the *India Issue Paper on the Treatment of Sikhs* upon which the BIA relied discusses changed country conditions in the context of Sikhs who "fear persecution on account of . . . having participated in Sikh political organizations," and contrasts today's treatment of Sikhs with the Indian government's organized campaign against Sikh militancy in the 1990s. The BIA acknowledged Singh's testimony that police continued to search for him in 2008, but it was entitled to weigh that testimony against evidence in the country reports. *See J. Singh*, 753 F.3d at 836-37.

The petition for review is **GRANTED** with respect to Singh's asylum and withholding claims and **REMANDED** to the agency for consideration of the

record as a whole in light of *K. Singh v. Holder*, 764 F.3d 1153 (9th Cir. 2014).

The petition is **DENIED** with respect to Singh's claim under the CAT.

The parties shall bear their own costs on appeal.